**STATE of Iowa, Appellee,**

v.

**Ollie MITCHELL, Jr., Appellant.**

No. 01–1143.

Supreme Court of Iowa.

Sept. 5, 2002.

Linda Del Gallo, State Appellate Defender, and Martha J. Lucey, Assistant State Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Karen Doland, Assistant Attorney General, Paul L. Martin, County Attorney, and Gregg R. Rosenbladt, Assistant County Attorney, for appellee.

PER CURIAM.

Defendant, Ollie Mitchell, Jr., appeals from a judgment and sentence entered upon his plea of guilty to a charge of possessing contraband in violation of Iowa Code section 719.7(3)(b) (1999). He contends that the facts alleged in the charge against him do not constitute a violation of that statute. The court of appeals agreed with that conclusion but concluded that his failure to file a motion in arrest of judgment precluded him from raising that contention absent a showing of ineffective assistance of counsel. The court of appeals concluded that such a claim could not be made on the record in the present appeal and preserved it for postconviction relief. After reviewing the record and considering the arguments presented, we conclude that defendant has established a basis for vacation of the judgment and sentence on direct appeal. Consequently, we vacate the decision of the court of appeals and also vacate the district court's judgment and sentence.

The crux of the present dispute arises from the fact that defendant was convicted of conveying contraband to a person confined in a "correctional institution." At the time, he was in fact confined in a county jail. The court of appeals reviewed the history of Iowa Code sections 719.7(3) and 719.8 and concluded that, because a prior reference to "detention facility" had been removed from section 719.7 and that section 719.8 now provides the basis for a criminal charge of conveying contraband in a "detention facility," defendant was charged under the wrong statute. This conclusion, with which we agree, is posited on the conclusion that a county jail is a "detention facility" and not a "correctional institution or an institution under the management of the Iowa Department of Corrections."

After having concluded that the defendant pled guilty to a criminal offense for which guilt was not sustainable under the undisputed facts of the charge, the court of appeals nonetheless determined that this did not necessarily amount to ineffective assistance of counsel. Because defendant had not raised the issue by a motion in arrest of judgment, the court of appeals believed that he must establish an ineffective-assistance-of-counsel claim in order to be relieved of the consequences of his guilty plea.

In making this determination, the court of appeals decision found that there was some ambiguity in the two statutes and that, given a favorable plea disposition (involving the dismissal of other charges), counsel may not have breached an essential duty and the defendant may not have been prejudiced.

We are convinced that our decision in State v. Schminkey, 597 N.W.2d 785, 788 (Iowa 1999), mandates that under no circumstances may a conviction upon plea of guilty stand if it appears that the facts of the charge do not state a violation of the statute under which the charge is made. We reached that result in Schminkey by declaring this to be a per se example of ineffective assistance of counsel. As the court of appeals decision indicates, it is

perhaps unfair to justify the granting of relief to a defendant in all such instances on an ineffective-assistance-of-counsel theory. There will be cases in which the interpretation of the statutes present a close case involving good-faith professional judgment. Nevertheless, we adhere to our view that all such convictions must be vacated.

We also recognized in *Schminkey* that, when, as here, a guilty plea has no factual basis in the record, two possible remedies exist. These are:

> Where the record establishes that the defendant was charged with the wrong crime, we have vacated the judgment of conviction and sentence and remanded for dismissal of the charge. Where, however, it is possible that a factual basis could be shown, it is more appropriate merely to vacate the sentence and remand for further proceedings to give the State an opportunity to establish a factual basis.

*Schminkey,* 597 N.W.2d at 792 (citations omitted). The present case falls under the first category. Consequently, we vacate the judgment of conviction and sentence and remand for dismissal of the charge. Because this disposition invalidates a plea bargain involving the dismissal of another charge, we order that the State may, if it desires, reinstate that charge *ab initio.*

**DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT AND SENTENCE VACATED AND REMANDED.**