# IN THE COURT OF APPEALS OF IOWA

No. 13-0446
Filed May 29, 2014

**STATE OF IOWA,**
Plaintiff-Appellee,

**vs.**

**CURTIS VANCE HALVERSON,**
Defendant-Appellant.

_____

Appeal from the Iowa District Court for Des Moines County, Michael J. Schilling, Judge.

Defendant appeals his conviction for possessing contraband at a correctional facility. **AFFIRMED.**

Thomas Hurd of Glazebrook, Moe, Johnston & Hurd, L.L.P., Des Moines, for appellant.

Thomas J. Miller, Attorney General, Darrel Mullins, Assistant Attorney General, Patrick C. Jackson, County Attorney, and Tyron Rogers, Assistant County Attorney, for appellee.

Considered by Tabor, P.J., Bower, J., and Mahan, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2013).

**MAHAN, S.J.**

Curtis Halverson appeals his conviction for possessing contraband at a correctional facility. Halverson has not shown he received ineffective assistance due to counsel's failure to challenge his conviction for possessing contraband on the ground Iowa Code section 719.7(3)(a) (2011) did not apply in this case. Also, he has not shown he received ineffective assistance due to defense counsel's failure to raise the issue of whether the State presented sufficient evidence to show the facility was managed by the Iowa Department of Corrections.

## I. Background Facts & Proceedings

On November 9, 2012, a residential officer at the Burlington Residential Correctional Facility smelled marijuana smoke. He established the odor was coming from a specific room in which only Halverson was present. The officer stated the odor was "really strong, as if it had just been smoked in the last minute, maybe." The officer conducted a pat-down search of Halverson and found a cigarette lighter. During a search of Halverson's room another residential officer found a marijuana cigarette, which was still smoldering, above a ceiling tile directly over Halverson's bed.

At the time of the incident, Halverson was a resident of the correctional facility on a work-release program. Halverson was charged with possessing contraband, a controlled substance, in an institution under the management of the Iowa Department of Corrections, in violation of Iowa Code section 719.7(3)(a). After a jury trial, Halverson was found guilty of possessing contraband. He was sentenced to a term of imprisonment not to exceed five

years. Halverson now appeals his conviction, claiming he received ineffective assistance of counsel.

## II. Standard of Review

We review claims of ineffective assistance of counsel de novo. *Ennenga v. State*, 812 N.W.2d 696, 701 (Iowa 2012). To establish a claim of ineffective assistance of counsel, a defendant must show (1) the attorney failed to perform an essential duty and (2) prejudice resulted to the extent it denied the defendant a fair trial. *State v. Carroll*, 767 N.W.2d 638, 641 (Iowa 2009). A defendant has the burden to show by a preponderance of the evidence counsel was ineffective. *See State v. McKettrick*, 480 N.W.2d 52, 55 (Iowa 1992).

## III. Ineffective Assistance

Halverson claims he received ineffective assistance because defense counsel did not file a motion challenging his conviction on the ground section 719.7(3)(a) does not apply to the possession of contraband at the Burlington Residential Correctional Facility. Section 719.7(3) provides:

> A person commits the offense of possessing contraband if the person, not authorized by law, does any of the following:
> a. Knowingly introduces contraband into, or onto, the grounds of a secure facility for the detention or custody of juveniles, detention facility, jail, correctional institution, or *institution under the management of the department of corrections*.

(Emphasis added.) In this case, the trial information specifically alleged Halverson "did knowingly possess contraband [in an institution] under the management of the Department of Corrections, to-wit: a controlled substance." Thus, our consideration is limited to whether the Burlington Residential

Correctional Facility is an "institution under the management of the department of corrections." *See* Iowa Code § 719.7(3)(a).

Halverson claims the correctional facility is under the jurisdiction of the Eighth Judicial District Department of Correctional Services, not the Iowa Department of Corrections and therefore section 719.7(3)(a) does not apply in this case. *See State v. Allen*, 708 N.W.2d 361, 364 (Iowa 2006) (finding there was no factual basis to support a guilty plea to introducing a controlled substance into a detention facility when the correctional facility in question was not a detention facility); *State v. Mitchell*, 650 N.W.2d 619, 620 (Iowa 2002) (finding there was no factual basis to support defendant's conviction for possessing contraband because the statute did not apply to the facility where defendant was located).[1]

In a recent case, the Iowa Supreme Court stated:

> David Miller was committed to the residential correctional facility in Burlington in March 2011 following his release on parole from prison where he was serving a sentence for a felony offense. The facility is under the control of the Iowa Department of Corrections and is commonly referred to as a halfway house.

*State v. Miller*, 841 N.W.2d 583, 585 (Iowa 2014). The court noted the Burlington facility was a community-based correctional facility. *See id.* at 590.

The State asserts community-based correctional facilities, such as the Burlington Residential Correctional Facility, are under the management of the Iowa Department of Corrections. The term "management" is not defined in chapter 719. When a statutory term is undefined, we may consider dictionary

---

[1] Section 719.7(3) was amended in 2007, and now includes jails and detention facilities as specific locations where contraband may not be located. 2007 Iowa Acts ch. 89, §1.

definitions to determine the meaning of the word.  *See Schaefer v. Putnam*, 841 N.W.2d 68, 78 (Iowa 2013).  One definition of "management" is "the conducting or supervising of something (as a business); *esp.*: the executive function of planning, organizing, coordinating, directing, controlling, and supervising any industrial or business project or activity with responsibility for results."  Websters Third New Int'l Dictionary 1372 (2002).

The Iowa Department of Corrections "has primary responsibility for corrections administration, corrections institutions, prison industries, and the development, funding, and monitoring of community-based corrections programs."  Iowa Code § 7E.5(1)(n).  Community-based correctional programs are governed by chapter 905.  In each judicial district, a judicial district department of correctional services has been created.  *Id.* § 905.2.  The district departments are under the direction of a board of directors and administered by a director employed by the board.  *Id.*  The district departments "shall furnish or contract for those services necessary to provide a community-based correctional program which meets the needs of that judicial district."  *Id.*  This may include the operation of a residential correctional facility.  *See id.* § 905.4(5); Iowa Admin. Code r. 201-40.1.  While residential correctional facilities may be operated by a district department, the Iowa Department of Corrections is responsible for "[a]ccreditation and funding of community-based corrections programs including . . . residential facilities."  *See* Iowa Code § 904.103(1).

The Iowa Department of Corrections is to provide assistance and support to the district departments to aid them in complying with chapter 905.  *Id.* § 905.7.  The Iowa Department of Corrections has the authority to promulgate

administrative rules establishing guidelines for community-based correctional programs under chapter 905.  *Id.*  The district department's community-based correctional program must conform to the guidelines established by the Iowa Department of Corrections.  *Id.* § 905.6(6).  Funding for each district department is through the Iowa Department of Corrections, and is conditional on review and approval of a district department's community-based correctional program by the Iowa Department of Corrections.  *Id.* § 905.8.  If the Iowa Department of Corrections determines a district department's community-based correctional program is not in compliance with the guidelines, and will not be expeditiously be brought into compliance, the Iowa Department of Corrections "may assume responsibility for administration of the district's community-based correctional program on an interim basis."  *Id.* § 905.9.

We conclude the Burlington Residential Correctional Facility, as a community-based correctional program, is under the management of the Iowa Department of Corrections.  The Iowa Department of Corrections is engaged in directing, controlling, and supervising community-based correctional programs operated by district departments.  *See* Websters Third New Int'l Dictionary 1372 (2002) (defining "management").  Therefore, Halverson did not receive ineffective assistance due to counsel's failure to challenge his conviction for possessing contraband on the ground section 719.7(3)(a) did not apply in this case.

Halverson also argues that even if section 719.7(3)(a) is applicable, he received ineffective assistance because defense counsel did not raise the issue that the State failed to present evidence in his case to show the Burlington Residential Correctional Facility was an institution under the management of the

Iowa Department of Corrections. He contends that if defense counsel had raised a motion on this ground it would have been successful.

During the criminal trial, Ted Gutman, the manager of the Burlington Residential Correctional Facility, was asked,

> Q. Is your facility, is that an institution or facility that's under the management of the Department of Corrections? A. We function under the policies of the Department of Corrections.

Gutman also stated he had worked at the facility and with the Iowa Department of Corrections for the same number of years. He stated the facility came under the intermediate sanctions code, which is chapter 901B, as a step between imprisonment and supervised probation.[2] Grant Hummer, a residential officer, testified he received training through the Iowa Department of Corrections, where he was informed "what our job duties were and how to conduct them."

We conclude the State presented sufficient evidence to show the Burlington Residential Correctional Facility was managed by the Iowa Department of Corrections. Halverson has not shown he received ineffective assistance due to defense counsel's failure to raise this issue.

On May 16, 2014, Halverson filed a pro se brief in this case. An untimely pro se supplemental brief "will not be considered by the court and no response by the State will be allowed." Iowa R. App. P. 6.901(2)(a). Halverson's pro se brief is untimely and we will not consider it.[3]

---

[2] District departments are required to implement an intermediate criminal sanctions program based on a plan which is subject to rules adopted by the Iowa Department of Corrections. Iowa Code § 901B.1(3).

[3] A pro se supplemental brief must be filed within fifteen after the date counsel's proof brief is filed. Iowa R. App. P. 6.901(2)(a). The proof brief here was served on September 20, 2013, making the pro se supplemental brief filed on May 16, 2014, untimely.

We affirm defendant's conviction for possessing contraband.

**AFFIRMED.**