**IN THE COURT OF APPEALS OF IOWA**

No. 14-0307
Filed July 9, 2015

**JOHNNY LOUIS ARTHUR ANDERSON,**
　　Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
　　Respondent-Appellee.
_____

　　Appeal from the Iowa District Court for Black Hawk County, David F, Staudt (criminal trial) and George L. Stigler (postconviction trial), Judges.

　　An applicant appeals the district court's dismissal of his application for postconviction relief. **AFFIRMED.**

　　Thomas M. Mc Intee, Waterloo, for appellant.

　　Thomas J. Miller, Attorney General, Alexandra Link, Assistant Attorney General, Thomas J. Ferguson, County Attorney, and Kimberly A. Griffith, Assistant County Attorney, for appellee State.

　　Considered by Danilson, C.J., and Vaitheswaran and Doyle, JJ.

**VAITHESWARAN, J.**

A jury found John Anderson guilty of possessing simulated marijuana and marijuana with the intent to deliver while in the immediate possession of a firearm. On direct appeal, this court affirmed Anderson's judgment and sentence. *See generally State v. Anderson*, No. 12-0197, 2012 WL 5356150 (Iowa Ct. App. Oct. 31, 2012).

Anderson petitioned for postconviction relief, alleging "the [trial] court did not grant immunity for a witness when he was ready to tell the truth." At a hearing, Anderson's attorney explained that a man named Bradley Woods was ready to admit he planted the marijuana in Anderson's residence, "intending to get Anderson in trouble." The attorney contended the "information was not discoverable" at trial because Woods declined to waive his Fifth Amendment right against self-incrimination. She introduced a portion of the trial transcript, which contained a discussion of Woods's possible testimony, his unwillingness to testify absent a grant of immunity, defense counsel's request for such a grant under the court's "inherent" powers, and the trial court's denial of the request.

The postconviction court allowed Woods to testify. Without a grant of immunity, Woods stated he "stashed an extra firearm . . . and some marijuana" where Anderson lived because he believed Anderson had "set [him] up."

The postconviction court asked Woods some follow-up questions, which uncovered inconsistencies between Woods's recollection of where he stashed the contraband and police summaries of the location. The court disallowed further questioning of Woods and prohibited Anderson from testifying.

The court subsequently determined Woods was "not telling the truth by any stretch of the imagination." The court concluded, "This is a classic case of cooperative perjury as mentioned in *State v. Simpson*,"[1] the "trial judge was correct in not granting immunity to Mr. Woods," and "trial counsel and appellate criminal [] counsel [on direct appeal] did not breach any standard of duty to Mr. Anderson."

On appeal, Anderson raises two multi-pronged issues. First, he contends the trial court should have granted Woods immunity at his original trial, Woods's "actual testimony at the PCR trial is sufficient new evidence to require a new trial," and appellate counsel on direct appeal and postconviction trial counsel were ineffective. Second, he takes issue with the postconviction court's questioning of Woods, contending the court "assum[ed] the role of the prosecutor and advocate for the State." Under the same subheading, he challenges the court's decision to cut the postconviction hearing short, raising this issue under an ineffective-assistance-of-counsel rubric in the event we find the issue unpreserved.

## I. Woods's Testimony

As noted, the postconviction court considered Woods's proffered testimony and approved the trial court's refusal to grant him immunity. On appeal, Anderson asks us to revisit the issue. Because the postconviction court

---

[1] In *State v. Simpson*, the court addressed the "effective defense theory," which "holds that a court has the inherent power to immunize witnesses whose testimony is essential to an effective defense." 587 N.W.2d 770, 772 (Iowa 1998) (citing *United States v. Angiulo*, 897 F.2d 1169, 1190 (1st Cir. 1990)). The court concluded "no reasonable person would believe [the witness's] proffered testimony. Rather than being 'clearly exculpatory,' such testimony borders on 'cooperative perjury among law violators,' a policy reason frequently cited for rejecting the effective defense theory." *Id.* at 774.

addressed the immunity issue, we find it unnecessary to proceed under an ineffective-assistance-of-counsel rubric.

The law on judicial grants of immunity was articulated in *State v. Simpson*, 587 N.W.2d 770 (Iowa 1998). "[T]he district court has no statutory authority to grant use immunity." *Simpson*, 587 N.W.2d at 772.[2] The authority, if it exists, "must arise from the court's inherent powers." *Id.* Two theories are available for exercising this inherent power: (1) the effective defense theory, and (2) the prosecutorial misconduct theory. *Id.* at 772-73.

The effective defense theory has been "almost universally reject[ed]." *Id.* at 773. Indeed, the opinion cited by the *Simpson* court as espousing this theory has since been abrogated. *See Gov't of the Virgin Islands v. Smith*, 615 F.2d 964, 964 (3d Cir. 1980) *abrogated by United States v. Quinn*, 728 F.3d 243 (3d Cir. 2013). Like other courts, the Iowa Supreme Court has afforded the theory little credence. *See Simpson*, 587 N.W.2d at 774 (stating "[e]ven were we to adopt this theory," it would fail); *State v. Fox*, 491 N.W.2d 527, 533-34 (Iowa 1998) ("[U]se immunity—if available at all—should be considered only in circumstances in which the prosecution has improperly prevented a defense witness from giving essential exculpatory evidence."). Given *Fox*'s effective rejection of the theory, we decline to apply it.

The second theory is viable where a prosecutor intimidates or harasses a potential defense witness or deliberately withholds use immunity from a prospective defense witness to keep exculpatory evidence from the jury.

---

[2] Anderson requested use and transactional immunity, but the opinions he cites only address use immunity. Accordingly, we will limit our discussion to use immunity.

*Simpson*, 587 N.W.2d at 773. During trial, Anderson's attorney conceded the prosecutor could not have harassed or intimidated Woods because he did not "believe the State of Iowa ha[d] actually spoke[n] directly with Mr. Woods." Instead, defense counsel focused on the prosecutor's refusal to grant Woods immunity. But, as the prosecutor stated and the trial court confirmed, the decision to withhold a grant of immunity was based on the prosecutor's view that Woods's proposed testimony failed to exculpate Anderson. The trial court specifically stated the prosecutor was not withholding immunity "to penalize the defendant," but "because he doesn't believe the witness is going to testify truthfully."

After hearing Woods's testimony, the postconviction court concurred. On our de novo review of this constitutionally-grounded issue, we agree with the postconviction court.

"The common meaning of exculpate is to free one from a charge of guilt or fault." *Id.* at 774 (citation omitted). Wood's proffered testimony was meant to exculpate Anderson. It did nothing of the sort. Police discovered marijuana, simulated marijuana, and a .45 caliber handgun in Anderson's portion of a home. Woods testified he stashed "weed" in the home but had no recollection of whether some of the weed was "simulated." He also identified a different caliber gun than the gun discovered by police. In sum, his testimony did little if anything to undermine the State's evidence against Anderson.

Nor was Woods's testimony "newly discovered evidence," as Anderson also argues. Anderson was aware of his testimony at trial and proffered the substance of it through trial counsel. *See Fox*, 491 N.W.2d at 534 (concluding

defense was aware of anticipated testimony at time of trial and evidence was not newly discovered simply because witness invoked her Fifth Amendment right against self-incrimination).

We conclude the postconviction court appropriately denied Anderson's claim that he was entitled to a new trial based on Woods's testimony.

## II. Court's Conduct of Postconviction Hearing

Anderson argues the postconviction court's "actions were a blatant violation of the Petitioner's constitutional right to a Fair Trial under the 6th and 14th Amendments to the U.S. Constitution, as well as Article I Sections 9 and 10 of the Iowa Constitution." The State counters that these constitutional protections are inapplicable in a postconviction relief action.[3]

The State is correct in noting Anderson imports constitutional principles applicable in the criminal context to civil postconviction-relief proceedings. That said, we believe the Iowa Supreme Court's "caution[] against" judicial interrogation of witnesses applies equally in the civil context. *See State v. Cuevas*, 288 N.W.2d 525, 532-33 (Iowa 1980).

The postconviction court cut to the chase, efficiently and effectively highlighting problems with Woods's assertions. While questioning was perhaps better left to the prosecutor, the general concern about judicial sway over impressionable jurors was absent, and holes in Woods's testimony were readily apparent even without the court's questions.

---

[3] Although Anderson did not object to the court's questioning, it is apparent he was dissatisfied with the progress of the hearing. Accordingly, we will review his general challenge to the conduct of the postconviction hearing directly rather than under an ineffective-assistance-of-counsel rubric.

As for Anderson's assertion that the court prematurely ended the hearing, the only issue raised at the hearing was the trial court's failure to grant Woods immunity. Under these circumstances, the postconviction court could reasonably have concluded no testimony from anyone other than Woods was necessary to resolve the issue. While, ideally, Anderson should have been allowed to comment on Wood's statements, we discern no abuse of discretion in the district court's decision to close the record once it became clear Woods's testimony lacked credibility. *See id.* at 531 (stating judge may intervene "to stay the pursuit of a patently irrelevant line of inquiry" to "avert unnecessary repetition," or "to require that the proceedings move forward without undue delay"). We conclude the court's conduct of the postconviction-relief hearing did not amount to reversible error.

We affirm the district court's denial of Anderson's postconviction relief petition.

**AFFIRMED.**

Doyle, J., concurs; Danilson, C.J., dissents.

**DANILSON, C.J.** (dissenting)

I respectfully dissent. Although this was a civil bench trial where there is no concern about influencing jurors, whenever the court enters the fray and examines witnesses, "the court becomes vulnerable to a multiplicity of criticisms." *State v Cuevas*, 288 N.W.2d 525, 533 (Iowa 1980). Here, the district court's interrogation began as a harmless attempt to clarify the testimony of the witness. But once the testimony was clarified, the district court's interrogation was aimed at discrediting and impeaching the witness. In a jury trial, such action may be an implied comment on the weight of the evidence. *Mills v. State*, 383 N.W.2d 574, 578 (Iowa 1986). Even in a bench trial, the impact of the judge interrogating the witness may serve to intimidate a witness and drive a witness into an admission. *U.S. v. Worcester*, 190 F. Supp. 548, 561 (D. Mass. 1960). Examination aimed at discrediting or impeaching a witness is the responsibility of counsel. There is no reasonable trial strategy to support PCR counsel's failure to object to how these proceedings were handled, and counsel's ineffectiveness is an exception to our error-preservation rules. *See State v. Allen*, 708 N.W.2d 361, 365 (Iowa 2006). I would further find that "assistance of counsel was denied entirely" and permit a new trial without the need to show a probable effect on the outcome of the case. *See Mickens v. Taylor*, 535 U.S. 162, 166 (2002) (concluding prejudice need not be shown "where assistance of counsel has been denied entirely or during a critical stage of the proceeding"). Our supreme court has described such a circumstance as a "structural error" that does not require proof of prejudice "as the adversary process itself is presumptively reliable." *Lado v. State*, 804 N.W.2d 248, 252 (Iowa 2011) (internal quotation marks omitted). I

would reverse and require a new trial upon appellant's application for postconviction relief before a different judge.