# IN THE COURT OF APPEALS OF IOWA

No. 17-1136
Filed March 21, 2018

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**WILHELM VONHOFSTEDER,**
        Defendant-Appellant.

_____

        Appeal from the Iowa District Court for Plymouth County, Edward A. Jacobson, Judge.


        Wilhelm VonHofsteder appeals his guilty pleas to three counts of sexual exploitation of a minor and the sentences imposed. **AFFIRMED.**


        Mark C. Smith, State Appellate Defender, and Bradley M. Bender, Assistant Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, and Sheryl A. Soich, Assistant Attorney General, for appellee.


        Considered by Vogel, P.J., and Potterfield and Mullins, JJ.

**MULLINS, Judge.**

Wilhelm VonHofsteder appeals his guilty pleas to three counts of sexual exploitation of a minor and the sentences imposed. He contends, because his guilty pleas lacked a factual basis, his attorney rendered ineffective assistance by failing to file a motion in arrest of judgment to challenge the pleas.

## I.      Background Facts and Proceedings

This is VonHofsteder's second appellate challenge to his guilty pleas. In his first appeal, a panel of this court explained the procedural history of this matter as follows:

> On November 2, 2015, Wilhelm VonHofsteder was charged in a twelve-count trial information with third-degree sexual abuse, indecent contact with a child, assault with intent to commit sexual abuse, exhibition of obscene material to a minor, and eight counts of sexual exploitation of a minor (possession of a visual medium depicting a minor child engaged in a prohibited sexual act). Pursuant to a plea agreement, VonHofsteder agreed to plead guilty to an amended charge of lascivious acts with a child (count 1) and three counts of sexual exploitation of a minor (counts 5, 6, 7). . . .
> At a plea hearing, the prosecutor went over the terms of the written plea agreement and those terms were confirmed by the defendant and defense counsel, including that written pleas concerning the three sexual exploitation counts would be filed. VonHofsteder pled guilty to the charge of lascivious acts with a child. The court specifically found VonHofsteder's plea to the amended charge of lascivious acts with a child was made "voluntarily and intelligently and has a factual basis." Following that guilty plea hearing, VonHofsteder submitted his written guilty pleas to three counts of sexual exploitation of a minor. A sentencing hearing was held, and the district court imposed consecutive sentences for a period not to exceed eleven years in prison.

*State v. VonHofsteder*, No. 16-0730, 2017 WL 1400895, at *1 (Iowa Ct. App. Apr. 19, 2017). VonHofsteder appealed, contending his "plea counsel provided ineffective assistance" concerning the sexual-exploitation-of-a-minor charges "in failing to ensure the district court . . . discharged its duty to ensure

VonHofsteder's written pleas were made voluntarily and had factual bases" and in failing to file a motion in arrest of judgment to challenge the pleas on the same grounds. *Id.* at *1–2; *see* Iowa R. Crim. P. 2.8(2)(b).

This court concluded the record failed "to show that the trial court made the required determinations that a factual basis existed for the written pleas or that the written pleas were voluntarily and intelligently entered" or accepted by the court and, as such, "it would be premature for us to determine if a factual basis existed for the pleas." *VonHofsteder*, 2017 WL 1400895, at *4. VonHofsteder's conviction was vacated and the case was remanded "for a determination of whether a factual basis existed for the written pleas and if they were freely and voluntarily entered." *Id.* The district court was directed that if it "determines there is a factual basis for the pleas and the pleas were voluntarily and intelligently entered, the court shall determine if the pleas should be accepted" and, if so, "the defendant shall be resentenced" but, if not, "the pleas shall be set aside and shall proceed as if no guilty plea[s] [were] tendered." *Id.*

Procedendo issued on May 24, 2017. Without holding a hearing, on June 9, the district court entered judgment and sentence. In its written order, the court noted its careful review of the matter, including, but not limited to, the contents of VonHofsteder's written waiver of rights and guilty pleas, the plea agreement, and the contents of the minutes of evidence and its attachments. The court determined VonHofsteder's pleas to be "voluntarily and intelligently made," accepted his written waiver of rights and guilty pleas, and concluded factual bases existed to support all three charges.

VonHofsteder appeals, challenging the factual bases underlying all three sexual-exploitation-of-a-minor charges.

## II.    Standard of Review

"A defendant's failure to challenge the adequacy of a guilty plea proceeding by motion in arrest of judgment shall preclude the defendant's right to assert such challenge on appeal." Iowa R. Crim. P. 2.24(3)(a). "However, if the guilty plea resulted from ineffective assistance of counsel, the defendant can challenge the plea under the rubric of ineffective assistance of counsel." *State v. Weitzel*, 905 N.W.2d 397, 401 (Iowa 2017). "Claims of ineffective assistance of counsel implicate the constitutional right to counsel; therefore, we review the claim de novo." *State v. Lopez*, ___ N.W.2d ___, ___, 2018 WL 672085, at *2 (Iowa 2018).

## III.   Analysis

To succeed on his ineffective-assistance-of-counsel claim, VonHofsteder "must establish by a preponderance of the evidence that '(1) his trial counsel failed to perform an essential duty, and (2) this failure resulted in prejudice.'" *Id.* (quoting *State v. Harris*, 891 N.W.2d 182, 185 (Iowa 2017)); *accord Strickland v. Washington*, 466 U.S. 668, 687 (1984). We "may consider either the prejudice prong or breach of duty first, and failure to find either one will preclude relief." *State v. McNeal*, 897 N.W.2d 697, 703 (Iowa 2017) (quoting *State v. Lopez*, 872 N.W.2d 159, 169 (Iowa 2015)). If counsel fails to challenge a plea that lacks a factual basis, then counsel has failed to perform an essential duty and prejudice is presumed. *See State v. Allen*, 708 N.W.2d 361, 368 (Iowa 2006). Our

analysis turns on whether VonHofsteder's pleas were supported by factual bases.

In determining whether a factual basis exists, we consider the entire record before the district court, "including any statements made by the defendant, facts related by the prosecutor, the minutes of testimony, and the presentence report," if any. *State v. Schminkey*, 597 N.W.2d 785, 788 (Iowa 1999). VonHofsteder challenges his guilty pleas to three counts of sexual exploitation of a minor in violation of Iowa Code section 728.12(3) (2015). The crime is statutorily defined as follows:

> It shall be unlawful to knowingly purchase or possess a visual depiction of a minor engaging in a prohibited sexual act or the simulation of a prohibited sexual act. A visual depiction containing pictorial representations of different minors shall be prosecuted and punished as separate offenses for each pictorial representation of a different minor in the visual depiction. However, violations of this subsection involving multiple visual depictions of the same minor shall be prosecuted and punished as one offense.

Iowa Code § 728.12(3). The definitions section of chapter 728 defines the term "prohibited sexual act" as, among other things, "[n]udity of a minor for the purpose of arousing or satisfying the sexual desires of a person who may view a visual depiction of the nude minor." *Id.* § 728.1(7)(g). A "visual depiction" is defined to include, among other things, any "digital or electronic image." *Id.* § 728.1(11).

The March 2016 plea agreement signed by both VonHofsteder and his defense counsel provided the following:

> [T]he defendant specifically admits to the following factual basis to support his guilty pleas:
>      . . . .

B. COUNTS 5, 6, 7 Sexual Exploitation of a Minor: On or about July 9, 2015, in Plymouth County, Iowa, the Defendant knowingly possessed visual medium (digital images stored on a compact disc), showing a person under the age of 18 engaged in prohibited sexual acts as defined by Code of Iowa §728.1(7)(g), (nudity of a minor for the purpose of arousing or satisfying the sexual desires of [] a person who may view the visual depiction) and there were three or more separate images of three or more different nude minors.

In his three written guilty pleas, VonHofsteder similarly admitted:

This crime was committed by me on July 9, 2015 . . . in Plymouth County, Iowa by doing the following: the Defendant knowingly possessed visual medium showing a person under the age of 18 engaged in prohibited sexual acts as defined by Code of Iowa §728.1(7)(g).

VonHofsteder's admissions in the plea agreement and written guilty pleas establish he knowingly possessed visual depictions of "three or more separate images of three or more different nude minors" and such visual depictions showed such minors engaging in prohibited sexual acts as defined by the statute. The statute requires that the "three or more separate images of three or more different nude minors" be prosecuted and punished as separate offenses. *Id.* § 728.12(3). "Our cases do not require that the district court have before it evidence that the crime was committed beyond a reasonable doubt, but only that there be a factual basis to support the charge." *State v. Finney*, 834 N.W.2d 46, 62 (Iowa 2013). Based upon VonHofsteder's admissions to the court and the minutes of evidence, we conclude a factual basis existed for each of the three charges. Because the pleas were supported by factual bases, counsel did not render ineffective assistance by failing to challenge them by way of a motion in arrest of judgment. *See State v. Hildebrant*, 405 N.W.2d 839, 841 (Iowa 1987) ("[C]ounsel is under no obligation to engage in an obviously useless act.").

We affirm VonHofsteder's convictions and the sentences imposed.

**AFFIRMED.**