# IN THE COURT OF APPEALS OF IOWA

No. 20-0391
Filed November 3, 2021

**ANTHONY TIBERIUS FERRE,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Warren County, Brad McCall, Judge.

Anthony Ferre appeals the district court's ruling on his application for postconviction relief. **AFFIRMED AS MODIFIED AND REMANDED.**

Raya D. Dimitrova of the Carr Law Firm P.L.C., Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Genevieve Reinkoester, Assistant Attorney General, for appellee State.

Considered by Bower, C.J. and Tabor and Ahlers, JJ.

**AHLERS, Judge.**

Anthony Ferre was initially charged with sexual abuse in the third degree and lascivious acts with a minor. At the time he was arrested on those charges, Ferre's cell phone was seized and retained by law enforcement. Ferre posted bail a few weeks later and was released from jail.

While he was out of custody, law enforcement obtained a search warrant and extracted data from Ferre's cell phone, which included photos of minor children engaged in sex acts. Based on the information extracted from his phone and other unrelated sources, a new criminal case was opened and complaints were filed charging Ferre with three counts of sexual exploitation of a minor, three counts of forgery, three counts of tampering with records, and three counts of identity theft. A warrant for Ferre's arrest was issued accordingly, and the warrant was executed.

Upon his second arrest, Ferre was in possession of another cell phone. Law enforcement seized this phone as well and extracted data from it, revealing six more photos of nude minor children, resulting in six additional charges for sexual exploitation of a minor.

Within one month of his second arrest, at Ferre's insistence, Ferre's attorney made an offer to the State for Ferre to plead guilty to all twenty charges in both cases and agree the sentences would be ordered to be served consecutively.[1] In return, the sentences would be suspended and Ferre would be

---

[1] Agreeing to run the sentences consecutively was an agreement to an indeterminate term of incarceration not to exceed forty-seven years, as he pleaded guilty to one class "C" felony (ten years), one serious misdemeanor (one year),

placed on probation. The State accepted the offer, and Ferre pleaded guilty pursuant to the agreement. Ferre received the sentence for which he bargained—an indeterminate term not to exceed forty-seven years, with the sentence suspended and Ferre placed on probation for five years. Less than one year after being sentenced, Ferre violated probation, had his probation revoked, and was sent to prison to serve the original sentence.

A few months after being sent to prison, Ferre initiated this postconviction-relief (PCR) action. After multiple amendments to his PCR application, Ferre's claims were all based on allegations of ineffective assistance of counsel. The case proceeded to trial. The district court rejected all but one of Ferre's claims. The claim accepted by the district court was the claim that Ferre's counsel was ineffective for allowing him to plead guilty to five of the sexual-exploitation-of-a-minor charges, as there was no factual basis for the charges. Based on its finding, the district court vacated the judgment and sentences for those five charges and ordered further proceedings on them. The district court left the judgment and sentences for the remaining fifteen charges intact. Ferre appeals.

## I. Standard of Review

PCR proceedings are usually reviewed for corrections of errors at law. *Everett v. State*, 789 N.W.2d 151, 155 (Iowa 2010). However, when an application for PCR alleges constitutional violations—such as ineffective assistance of counsel—the claims are reviewed de novo. *Ledezma v. State*, 626 N.W.2d 134, 141 (Iowa 2001).

---

and eighteen aggravated misdemeanors (two years on each charge for a total of thirty-six years).

## II.    Discussion of the Issues.

Ferre raises three issues.  First, he asserts the district court provided the wrong remedy with regard to the five charges for which there was no factual basis.  He contends the proper remedy was to invalidate the entire plea agreement, which requires vacating the judgment and sentence and setting aside the guilty plea for all twenty charges, with all charges set for further proceedings.  Second, he asserts the district court erred by failing to find Ferre's counsel ineffective for failing to seek to suppress the evidence extracted from the first cell phone.  He claims the search warrant permitting the extraction had expired and was therefore void.  Third, he asserts the district court erred by failing to find his counsel ineffective for failing to seek to suppress the evidence extracted from the second cell phone.  He claims there was no search warrant and no warrant exception that permitted such extraction.

### A.    Proper Remedy.

Neither party challenges the district court's finding that counsel was ineffective for permitting Ferre to plead guilty without a factual basis to five of the nine sexual-exploitation-of-a-minor charges.  However, both parties contend the district court granted the wrong remedy.  Ferre contends the only proper remedy was to invalidate the plea agreement in its entirety, vacate the judgments and sentences on all charges, set aside the guilty pleas on all charges, and order further proceedings on all charges.  The State contends the proper remedy is to allow the State to choose between two options.  One option would be to vacate the five charges for which there was no factual basis and order resentencing on the remaining fifteen charges.  The second option would be the option cited by Ferre.

In support of his position, Ferre cites *State v. Allen*, 708 N.W.2d 361 (Iowa 2006), and cases that follow it.[2] The State relies on *State v. Ceretti*, 871 N.W.2d 88 (Iowa 2015), and *Noble v. Iowa Dist. Ct.*, 919 N.W.2d 625 (Iowa Ct. App. 2018), to support its position.[3]

The cases relied upon by the parties appear to form related, but separate, threads within the fabric of our case law on the topic of remedy when pieces of a plea agreement are discarded. *Allen* and its progeny address the specific scenario we have here—plea counsel fails to challenge a plea for lack of factual basis as part of a plea bargain. 708 N.W.2d at 365–69. In that scenario, *Allen* holds that the remedy is to invalidate the entire plea bargain and proceed accordingly. *Id.* at 369.

In contrast, the cases relied upon by the State involve a different scenario— setting aside a sentence as illegal when an attempt is made to punish for both a homicide and attempted murder. In *Ceretti*, the supreme court recognized the alternative remedies available in this scenario. 871 N.W.2d at 97. It rejected the remedy of reversing the conviction and remanding for resentencing to eliminate the offending portion of the sentence, choosing instead to follow *Allen* and select the remedy of vacating all convictions and the entire plea agreement with a remand to the district court. *Id.* Choosing this remedy prevents a defendant from

---

[2] Cases that have followed *Allen* include *Dockery v. State*, No. 17-1226, 2018 WL 6123021, at *4 (Iowa Ct. App. Nov. 21, 2018); *State v. Olson*, No. 15-2114, 2017 WL 362597, at *2 (Iowa Ct. App. Jan. 25, 2017); and *State v. Blanchard*, No. 13-0342, 2013 WL 6405373, at *2–3 (Iowa Ct. App. Dec. 5, 2013).
[3] *Ceretti* also cites *Allen* favorably. *See* 871 N.W.2d at 97.

"transform[ing] what was a favorable plea bargain in the district court to an even better deal on appeal." *Id.*

Three years after *Ceretti*, our court addressed the same issue and recognized the two potential remedies identified in *Ceretti*. *Noble*, 919 N.W.2d at 633. After identifying the two remedies and the pitfalls of both, the court added a new wrinkle, which was to allow the prosecutor to choose between the two options. *Id.* at 633–34.

We recognize the attractiveness of the "prosecutor gets to choose the option" approach of *Noble*, and we would follow that approach if we were faced with the same situation (i.e., an illegal sentence due to dual punishment for attempted murder and a homicide based on the same conduct with the same victim). We would also consider adopting this approach in the situation at hand if we were writing on a blank slate. However, we are not writing on a blank slate, and we are duty-bound to follow controlling supreme court precedent. *See State v. Beck*, 854 N.W.2d 56, 64 (Iowa Ct. App. 2014). *Allen* proclaims a clear rule: "The proper remedy when counsel fails to perform an essential duty by not challenging a plea for lack of a factual basis when the plea is a result of a plea bargain is to invalidate the entire plea bargain . . . and remand the case to the district court." 708 N.W.2d at 369. That is exactly the situation we have here. Neither *Ceretti* nor *Noble*, nor any other case cited by the State, suggests *Allen* has been overruled, and both *Ceretti* and *Noble* involve a scenario that does not exist here. As the situation that forms the foundation for the holding in *Allen* is the situation we have in this case, we are obligated to follow *Allen*'s direction rather than the "prosecutor's choice" option of *Noble*. Therefore, we affirm the district

court's decision to vacate the convictions and sentences for the five charges for which there was no factual basis. However, we modify the remedy by directing that the entire plea agreement is invalidated and the case is remanded to the district court. In invalidating the plea agreement, we vacate the convictions and sentences on all charges, set aside the guilty pleas on all charges, and remand to the district court for further proceedings on all charges. Consistent with the directives of *Allen*, on remand, the State may proceed as though the plea agreement did not exist. *Id.* Further, on remand, "the State may reinstate any charges dismissed in contemplation of a valid plea bargain, if it so desires, and file any additional charges supportable by the available evidence." *Id.*

**B.    Other Claims of Ineffective Assistance of Counsel**

As suggested by Ferre, we need not address the other claims of ineffective-assistance-of-counsel he raises on appeal. The resolution outlined above results in putting the parties back in the same position they were in before they reached their plea agreement and Ferre entered his guilty pleas, so there is no need to address whether prior counsel was otherwise ineffective in letting Ferre enter guilty pleas.

**III.    Conclusion.**

We affirm the district court's ruling as modified, vacate the convictions and sentences on all charges, set aside the guilty pleas on all charges, and remand for further proceedings consistent with the directives in this opinion.

**AFFIRMED AS MODIFIED AND REMANDED.**