# IN THE COURT OF APPEALS OF IOWA

No. 22-1145
Filed December 20, 2023

**ANTOWYNE WILLIAM DUPREE OSBORNE Sr.,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Polk County, Celene Gogerty, Judge.

After his application for postconviction relief was granted, the applicant appeals, challenging the remedy ordered by the court. **AFFIRMED.**

Erin M. Carr of Carr Law Firm, P.L.C., Des Moines, for appellant.

Brenna Bird, Attorney General, and Bridget A. Chambers, Assistant Attorney General, for appellee State.

Considered by Bower, C.J., Badding, J., and Potterfield, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2023).

**POTTERFIELD, Senior Judge.**

In 2019, pursuant to a plea agreement reached with the State, Antowyne Osborne Sr. entered *Alford* guilty pleas[1] to the following: two counts of trespass causing bodily injury, third-degree theft, operating a motor vehicle without the owner's consent, two counts of domestic abuse assault with intent to inflict serious injury, domestic abuse assault causing bodily injury, assault causing bodily injury, and two counts of violation of the sex offender registry requirements.[2] Osborne was later sentenced to a number of consecutive prison terms, making his total sentence a period of incarceration not to exceed twenty years, which the court suspended.

With the assistance of counsel, Osborne filed an amended application for postconviction relief (PCR) in 2022, alleging that he received ineffective assistance from trial counsel because he did not understand that he agreed to consecutive sentences as part of the plea agreement and his pleas lacked a factual basis. Osborne asked the district court to set aside his convictions and grant him a new trial.

Following a hearing, the district court granted Osborne's application in part. It concluded the record before the trial court did not show a factual basis to support Osborne's *Alford* pleas to trespass causing bodily injury (count I) and assault causing bodily injury (count VIII) of FECR322024. *See State v. Schminkey*, 597

---

[1] *See North Carolina v. Alford*, 400 U.S. 25, 37–38 (1970) (permitting a criminal defendant to enter a guilty plea without admitting guilt by acknowledging strong evidence of guilt and voluntarily, knowingly, and understandingly agreeing to allow the court to consider such strong evidence of guilt in accepting the plea).
[2] These charges stemmed from multiple cases: FECR322024, AGCR321473, and AGCR319603.

N.W.2d 785, 788 (Iowa 1999) ("The district court may not accept a guilty plea without first determining that the plea has a factual basis. This requirement exists even where the plea is an *Alford* plea." (internal citations omitted)). The court vacated all of Osborne's sentences in FECR322024, AGCR321473, and AGCR319603 and remanded the case to give the State the opportunity to establish a factual basis for counts I and VIII.

Osborne appeals. He limits his challenge to the remedy ordered by the district court, arguing it should have invalidated the entire plea agreement and remanded the case. The State does not challenge any part of the district court's ruling; it asks us to affirm. Our review, which is limited to the appropriate remedy, is de novo. *See Goode v. State*, 920 N.W.2d 520, 524 (Iowa 2018) ("'Generally, an appeal from a denial of an application for postconviction relief is reviewed for correction of errors at law.' However, when an applicant claims ineffective assistance of postconviction counsel, our review is de novo." (citation omitted)).

Once the court determines "a guilty plea has no factual basis in the record, two possible remedies exist." *Schminkey*, 597 N.W.2d at 792. In the first, "[w]here the record establishes that the defendant was charged with the wrong crime," the court should vacate "the judgment of conviction and sentence and remand for dismissal of the charge." *Id.* In that situation, if the conviction being dismissed was part of a plea agreement, "the State may reinstate any charges dismissed in contemplation of a valid plea bargain, if it so desires, and file any additional charges supportable by the available evidence." *State v. Allen*, 708 N.W.2d 361, 369 (Iowa 2006). As for the second remedy, "[w]here . . . it is possible that a factual basis could be shown, it is more appropriate merely to vacate the sentence and

remand for further proceedings to give the State an opportunity to establish a factual basis." *Schminkey*, 597 N.W.2d at 792.

Here, the district court concluded there was not a factual basis to support count I, trespass causing bodily injury, because the record lacked evidence that Osborne's trespass resulted in injury to someone. Similarly, as for count VIII, assault causing bodily injury, the record was devoid of evidence that the complaining witness was injured by Osborne's assault of her. But all the other elements of both crimes were established in the record. We cannot say that "we do not see a possibility of establishing a factual basis on remand." *State v. Ross*, 941 N.W.2d 341, 349 (Iowa 2020). So, we agree with the district court that the appropriate remedy is to give the State a chance to supplement the record to establish a factual basis. *See Schminkey*, 597 N.W.2d at 792.

We affirm the district court's PCR ruling.

**AFFIRMED.**