**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 24, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ANTHONY MICHAEL OLLER,

Petitioner - Appellant,

v.

JASON BRYANT, Warden,

Respondent - Appellee.

No. 16-6044
(D.C. No. 5:15-CV-01076-W)
(W.D. Okla.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **BRISCOE, GORSUCH** and **McHUGH**, Circuit Judges.

Pro se litigant[1] Anthony Michael Oller seeks a Certificate of Appealability

("COA") from the district court's denial of his petition for habeas corpus relief

from his Oklahoma state court convictions. We deny Oller's application for a

COA and dismiss this matter.

---

[*] This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.

[1] Because Oller appears pro se, we construe his filings liberally, see, e.g., Garza v. Davis, 596 F.3d 1198, 1201 n.2 (10th Cir. 2010), but we do not craft arguments or otherwise advocate for him, see Yang v. Archuleta, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

## I

Oller pled guilty to state charges without the benefit of a plea agreement. He pled guilty to first degree manslaughter, leaving the scene of a fatality accident, and driving with his license revoked, in violation of Okla. Stat. tit. 21, § 711(1) (2011) and Okla. Stat. tit. 47, §§ 10-102.1 & 6-303(B) (2011), respectively. After the trial court accepted his guilty plea, but before sentencing, Oller sought to withdraw his plea on grounds that his counsel was ineffective and had coerced him to plead guilty. The trial court denied the motion. After sentencing, Oller again sought to withdraw his plea. His motion was again denied after a hearing. He petitioned for certiorari from the Oklahoma Court of Criminal Appeals ("OCCA"), but his petition was denied.

Oller then filed the instant action in federal court, seeking collateral relief from his state conviction under 28 U.S.C. § 2254, and reiterating the arguments he made before the OCCA regarding the validity of his plea. The district court denied Oller's petition and his subsequent application for a COA. Oller now seeks to appeal that denial.

## II

Oller cannot appeal the district court's denial of his petition for habeas relief "[u]nless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."

2

Id. § 2253(c)(2).  In a § 2254 petition for habeas relief from a state court conviction, "[w]e look to the District Court's application of [§ 2254] to petitioner's constitutional claims and ask whether that resolution was debatable amongst jurists of reason."  Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

### III

Oller argues his plea was invalid for five reasons: (1) the Oklahoma state court lacked a sufficient factual basis to accept his guilty plea; (2) the Oklahoma state court erroneously applied the factors used to calculate the restitution portion of his sentence; (3) the Oklahoma state court failed to comply with Oklahoma procedural rules in denying his first motion to withdraw his guilty plea; (4) his guilty plea was coerced; and (5) he received ineffective assistance of counsel.

*A. State-law Arguments*

Habeas corpus relief from state custody is available only for "violation[s] of the Constitution or laws or treaties of the United States," 28 U.S.C. § 2254(a), and a COA may only issue if "the applicant has made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2).  The Supreme Court has "repeatedly held that 'federal habeas corpus relief does not lie for errors of state law.'"  Wilson v. Corcoran, 562 U.S. 1, 5 (2010) (quoting Estelle v. McGuire, 502 U.S. 62, 67 (1991)).  Oller's first three arguments allege errors of state law committed by the Oklahoma trial court, none of which rise to the level of a federal constitutional violation.  Therefore, Oller cannot make a substantial

showing that he was denied a constitutional right based on these arguments.

Specifically, Oller first argues that the state court's acceptance of his guilty plea without an adequate factual basis violates his Due Process rights. But the Supreme Court has not acknowledged a Due Process requirement that state courts must first establish an independent factual basis before acceptance of a guilty plea. See North Carolina v. Alford, 400 U.S. 25, 32 (1970) ("Ordinarily, a judgment of conviction resting on a plea of guilty is justified by the defendant's admission that he committed the crime charged against him . . . even though there is no separate, express admission by the defendant that he committed the particular acts claimed to constitute the crime charged."). Second, Oller argues that the state court did not follow Oklahoma procedure for calculating restitution. Again, this argument involves the interpretation and application of Oklahoma law,[2] and the Supreme Court has not recognized a constitutional right that would apply. Third, Oller argues that the state court abused its discretion in denying his first motion to withdraw his guilty plea. This argument is based on Oklahoma criminal procedure, and the United States Constitution does not provide an unconditional right to withdraw a guilty plea prior to sentencing. Okla. Stat. tit.

---

[2] Oller uses the phrase "ignorance, inadvertence, and misunderstanding" to describe the circumstances surrounding the entry of his plea. Pet'r Br. at 4, 4A. This phrase derives from Oklahoma case law, and does not, by its mere mention, raise a federal constitutional argument. See Chastain v. State, 706 P.2d 539, 540 (Okla. Crim. App. 1985), overruled on other grounds, Luster v. State, 746 P.2d 1159 (Okla. Crim. App. 1987).

4

22, § 517 (2011) ("The court may, at any time before judgment, upon a plea of guilty, permit it to be withdrawn, and a plea of not guilty substituted."); see Padilla v. Kentucky, 559 U.S. 356, 383 (2010) (Alito, J., concurring in the judgment) (acknowledging that withdrawal of a guilty plea is discretionary under federal rules).

*B. Plea Coercion*

Oller's fourth argument is that his plea was coerced. He claims his own defense counsel coerced him into pleading guilty "by the threats of filing charges against [his] mother and father[,] therefore overcoming [his] free will." Pet'r Br. at 4A (citing Brady v. United States, 397 U.S. 742, 750 (1970)). "Coercion by the accused's counsel can render a plea involuntary." Fields v. Gibson, 277 F.3d 1203, 1213 (10th Cir. 2002) (internal alteration omitted) (quoting United States v. Estrada, 849 F.2d 1304, 1306 (10th Cir. 1988)); see also Boykin v. Alabama, 395 U.S. 238, 242 (1969).

Oller's convictions arise from a hit-an-run accident in which a pedestrian was struck and killed by a truck. When first interviewed by police, Oller's father told police that Oller had been driving that truck. At both hearings on Oller's motions to withdraw his guilty plea, Oller admitted that he "had written letters asking [his] parents to lie for" him at his trial. ROA Vol. 1 at 264. Garey Corey, Oller's counsel at the time he entered his plea, testified at the motion hearings that he advised Oller that these letters "encouraging them to alter their

5

testimonies," could lead to perjury charges if Oller's parents testified at trial. Id. at 267, 299. Corey strongly urged Oller to plead guilty, and Oller now argues that Corey's advice rose to the level of coercion.

Oller makes no claim that he was physically coerced, threatened with harm, or intentionally misinformed. "Strongly urg[ing]" a client to plead guilty, when counsel believes it is in the client's best interest, is not necessarily coercion. See Fields, 277 F.3d at 1213–14; Miles v. Dorsey, 61 F.3d 1459, 1470 (10th Cir. 1995). "Indeed, one central component of a lawyer's job is to assimilate and synthesize information from numerous sources and then advise clients about what is perceived to be in their best interests." Fields, 277 F.3d at 1214. Because Oller's testimony confirms that his parents may have been subject to perjury charges, his counsel's advice to factor this into his decision to plead guilty does not amount to coercion. Oller has therefore failed to make "a substantial showing of the denial of a constitutional right" on this basis.

C. *Ineffective Assistance of Counsel*

Finally, Oller argues that he received ineffective assistance of counsel from both Corey and his conflict counsel, Jeff Crites. Oller alleges that (1) Corey "had" Oller plead guilty to charges for which the court lacked a sufficient factual basis because Oller "was not able to finish paying" Corey, and (2) Crites failed to bring to the trial court's attention that there was an insufficient factual basis to accept Oller's plea. Pet'r Br. at 4B.

6

The Supreme Court has adopted a two-part standard for evaluating challenges to guilty pleas based on claims of ineffective assistance of counsel. Hill v. Lockhart, 474 U.S. 52, 58 (1985); Bonney v. Wilson, 754 F.3d 872, 881 (10th Cir. 2014) (citing Strickland v. Washington, 466 U.S. 668, 686 (1984)). First, "the defendant must show that counsel's representation fell below an objective standard of reasonableness." Strickland, 466 U.S. at 688. In order to undermine the voluntariness of his guilty plea, the assistance Oller received must have been outside "the range of competence demanded of attorneys in criminal cases." Hill, 474 U.S. at 56 (quoting McMann v. Richardson, 397 U.S. 759, 771 (1970)). Second, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694.

Oller has failed to make a substantial showing that the assistance he received was ineffective. As previously explained, Oller was not coerced into pleading guilty, but strongly encouraged to do so. If the case had proceeded to trial, and if his father had testified that Oller had *not* been driving the truck, his father might have been subject to perjury charges, and Oller might have been subject to charges of conspiracy to commit perjury. Oller's counsel presented him with these possibilities, and advised him to plead guilty. Further, had Oller's father testified at trial that Oller was not driving the truck, he would have faced serious impeachment given his earlier statements to police. Even if Oller

7

declined to call his father as a witness, the government could have called him in an attempt to elicit testimony that Oller was indeed driving the truck. In light of these circumstances, reasonable jurists would not disagree that Corey's advice to plead guilty was within the bounds of reasonable representation. See Bonney, 754 F.3d at 875–78 (reversing the district court's grant of habeas relief where counsel reasonably weighed the benefits of an exculpatory letter from a complaining witness against the potential damage that the letter could cause to the theory of defense).

Oller's claim that Corey and Crites provided ineffective assistance by not objecting to the factual sufficiency of the state's Probable Cause Affidavit also fails. As previously explained, the Affidavit states that Oller's father informed police that Oller was driving the truck that hit the pedestrian. Although Oller argues the Affidavit itself is hearsay inadmissible at trial, his father's testimony would have been admissible, and problematic for Oller. Thus, reasonable jurists would not disagree that counseling Oller to plead guilty and accept the facts as alleged in the Affidavit was within the bounds of reasonable representation. Because Oller fails to make a substantial showing on the first prong of the Strickland test, we need not address prejudice.

**IV**

The application for a Certificate of Appealability is DENIED, and this matter is DISMISSED. Because the district court certified that this appeal is not

8

taken in good faith, Oller's pending <u>in forma pauperis</u> motion is also DENIED.[3]

Entered for the Court

Mary Beck Briscoe
Circuit Judge

---

[3] 28 U.S.C. § 1915(a)(3) ("An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."); Order, <u>Oller v. Bryant</u>, No. CIV-15-1076-W, Doc. No. 23 (W.D. Okla. Feb. 16, 2016) (finding Oller "will not be able to present a reasoned, nonfrivolous argument" on appeal and certifying that the appeal is not taken in good faith).