# IN THE SUPREME COURT OF IOWA

No. 21–1146

Submitted September 14, 2022—Filed November 4, 2022

**STATE OF IOWA,**

    Appellee,

vs.

**JOHN EDDIE HANES, III,**

    Appellant.

---

Appeal from the Iowa District Court for Scott County, Jeffrey D. Bert (plea) and Joel W. Barrows (sentencing), Judges.

A defendant who filed no motion in arrest of judgment challenges, for the first time on direct appeal, the validity of his guilty plea to criminal gang participation on grounds that his plea lacked a factual basis. **APPEAL DISMISSED.**

Waterman, J., delivered the opinion of the court, in which Christensen, C.J., and Mansfield, McDonald, Oxley, and May, JJ., joined. Oxley, J., filed a concurring opinion. McDermott, J., filed a dissenting opinion.

Jack Bjornstad (argued) of Jack Bjornstad Law Office, Spirit Lake, for appellant.

Thomas J. Miller, Attorney General, and Genevieve Reinkoester (argued), Assistant Attorney General, for appellee.

**WATERMAN, Justice.**

In this case, the defendant asks us to create a new exception to the error preservation rules for challenging a guilty plea on direct appeal. He was charged with other alleged gang members detained in a car with a loaded rifle and handgun. The defendant pleaded guilty to criminal gang participation in exchange for dismissal of a companion charge of being a felon in possession of a firearm. He was properly advised of the need to file a motion in arrest of judgment to challenge his guilty plea on appeal but filed no such motion. Instead, his new appellate counsel filed this direct appeal asking that his plea and conviction be vacated for lack of a factual basis. The State moved to dismiss the appeal based on *State v. Treptow*, 960 N.W.2d 98, 109 (Iowa 2021) (holding the defendant's "failure to file a motion in arrest of judgment precludes appellate relief"), and Iowa Rule of Criminal Procedure 2.24(3)(*a*). The defendant resisted, arguing for a new exception based on the district court's independent obligation to ensure a factual basis for the guilty plea. We ordered the State's motion to be submitted with the appeal and retained the case.

On our review, we dismiss the appeal. District courts have an independent duty to ensure guilty pleas are supported by a factual basis, and the court has discretion to arrest a judgment on its own motion. *See* Iowa R. Crim. P. 2.24(3)(*c*). But this defendant admittedly was advised of the requirement to file a motion in arrest of judgment to preserve the issue for appeal and we again hold that his failure to do so precludes relief in this direct appeal. *See Treptow*, 960 N.W.2d at

109; *see also* Iowa R. Crim. P. 2.24(3)(*a*).[1] Filing the motion alerts the district court to correct any alleged error or issue a ruling for appellate review. A contrary holding would nullify rule 2.24(3)(*a*) and deprive the State of notice to supplement the record or otherwise address the alleged defect in the plea in district court before any appeal.

## I. Background Facts and Proceedings.

On April 28, 2021, Davenport police detectives were conducting surveillance at an apartment on Emerald Drive following a gang-related homicide. The detectives observed a suspect leave the apartment, meet briefly with the occupants of an older model Cadillac sedan at a nearby gas station, and return to the apartment. A detective in an unmarked vehicle tailed the sedan as it drove off and observed the driver make an illegal turn. A marked patrol car then initiated a traffic stop. A man later identified as John Eddie Hanes III exited the passenger front seat door and fled on foot. A backseat passenger also fled on foot. Police arrested both men nearby and detained the driver and another occupant in the sedan. Police found a loaded handgun in a bag on the front seat of the passenger side of the vehicle where Hanes had been seated and a loaded rifle with a pistol grip on the rear seat floor.

Police determined that Hanes and other men in the sedan were affiliated with a local street gang known as the Mad Max Gang (MMG). Hanes had

---

[1]The defendant raises no claim in this direct appeal that his plea counsel provided ineffective assistance. Iowa Code section 814.7 (2021) "diverts all claims of ineffective assistance of counsel to postconviction-relief proceedings and requires they be resolved there in the first instance." *Treptow*, 960 N.W.2d at 103 (quoting *State v. Tucker*, 959 N.W.2d 140, 152 (Iowa 2021)).

previously been convicted of third-degree burglary, a class "D" felony, in 2018, and had multiple prior juvenile adjudications for burglary, possession of firearms by a felon, theft, and assault. On June 10, the State charged Hanes by trial information with one count of criminal gang participation in violation of Iowa Code sections 703.1, 706.1, 706.3, and 723A.2 (2021), a class "D" felony, and a second count of possession of a firearm by a felon in violation of section 724.26(1), a class "D" felony.

On July 9, Hanes entered into a plea agreement in which he agreed to plead guilty to criminal gang participation in exchange for dismissal of the felon-in-possession count. The written plea agreement identified an additional sentencing concession: "The State recommends that the Defendant be granted supervised probation conditioned on his successful completion of the RCF [(residential correctional facility)]. If the Defendant is not deemed appropriate for the RCF, then this becomes an open plea and the State may make any recommendation at sentencing." The same day, as permitted by COVID-19 supervisory orders, a written plea of guilty was filed, signed by defense counsel, and signed and initialed by Hanes.[2] He "expressly waive[d] [his] right to be present and participate in an in-court plea colloquy." The written plea stated in part:

> 7. I understand that in order to establish my guilt[] of the crimes charged, the State would have to prove beyond a reasonable doubt all of the following elements:

---

[2]*See generally State v. Basquin*, 970 N.W.2d 643 (Iowa 2022) (rejecting constitutional challenge to written guilty pleas for felonies allowed under temporary COVID-19 supervisory orders).

1. On or about . . . April 28, 2021 in Scott County[,] Iowa, John Hanes III actively participated in or was a member of a criminal street gang.

2. On that date and place, the defendant willfully aided and abetted a criminal act, that is, felon in possession of a firearm.

3. On that date and place the criminal act was committed . . . [in association with] the criminal street gang.

8. By pleading guilty, I am asking the Court to accept my guilty plea. I waive all the rights set forth herein with the exception of the right to counsel. I am admitting there is a factual basis for the charge(s), and I admit at the time and place charged in the Trial Information:

**I was an active participant in a criminal street gang and I possessed a firearm unlawfully as a felon and did so for the benefit and in association with that same criminal street gang on April 28, 2021 in Scott County[,] Iowa.**

Hanes placed his initials next to his admission typed in paragraph 8. Paragraph 9 stated, "I accept the minutes of testimony as substantially true as to the elements of these charges." The minutes recounted the facts set forth above.

On July 12, the district court entered a written order accepting Hanes's guilty plea. The order noted Hanes "has filed a signed Consent to Waive Presence. The Court, in its discretion, finds that there is no necessity for a full in-court colloquy and accepts Defendant's waiver of the same." The court expressly advised Hanes of the requirement to file a motion in arrest of judgment in order to appeal his guilty plea. The order stated:

**MOTION IN ARREST OF JUDGMENT**
Defendant has a right to contest the adequacy of the guilty plea by filing a motion in arrest of judgment pursuant to Iowa R. Crim. P. 2.24(3). A motion in arrest of judgment must be filed no later than 45 days after the guilty plea but no later than five (5) days

> prior to sentencing (whichever occurs first). If Defendant fails to file a motion in arrest of judgment in a timely manner, Defendant will be precluded from challenging the plea, based upon any alleged defects or mistakes in the plea proceeding, in an appeal to the Iowa Supreme Court.

Hanes never filed a motion in arrest of judgment.

On August 20, the court conducted a virtual sentencing hearing by Zoom pursuant to the then-existing COVID-19 supervisory orders. Hanes and his attorney participated remotely by video. The following colloquy ensued:

> [DEFENSE COUNSEL]: Your Honor, I -- I spoke with Mr. Hanes prior to us being on the record here. Could I have a brief colloquy with him, if the Court's fine with that?
>
> THE COURT: Go ahead.
>
> [DEFENSE COUNSEL]: Mr. Hanes, in your PSI you -- you made some statements about the events that I just want to clarify with what you said in the plea. Do you agree that in the plea, when you signed off on the factual basis for Criminal Gang Participation, that that was a truthful signature, that you agree to the factual basis in your plea?
>
> [HANES]: Yes.
>
> [DEFENSE COUNSEL]: And you agree that you were participating with a criminal street gang and possessed a firearm for the benefit of -- of the gang on that day?
>
> [HANES]: Yes.
>
> [DEFENSE COUNSEL]: Okay. And you -- do you wish to withdraw your plea, or attempt to withdraw your plea at this time?
>
> [HANES]: No.

The court offered Hanes the option of continuing the hearing so he could attend in person; Hanes elected to proceed remotely by Zoom. The court noted that Hanes was "deemed inappropriate for RCF" due to his assault on a female staffer in RCF, which made it an "open plea." Hanes and his counsel still declined to

withdraw his guilty plea. The prosecutor recommended incarceration. Defense counsel argued for a suspended sentence and probation. The court ultimately imposed a prison sentence of up to five years for criminal gang participation "because of Mr. Hanes['s] disturbing and significant criminal history even at his young age and for purposes of protection of the community." Pursuant to the plea agreement, the court dismissed the felon-in-possession charge, another class "D" felony. Three days later, Hanes filed a notice of appeal.

On appeal, Hanes argues his conviction and guilty plea should be vacated because his plea lacked a factual basis. Specifically, he argues he cannot "aid and abet" his own possession of a firearm and that the district court should have rejected his plea on the court's own motion. The State moved to dismiss the appeal on grounds Hanes never filed a motion in arrest of judgment as required by rule 2.24(3)(*a*) and *Treptow*. On the merits, the State argues a factual basis exists based on Hanes's admissions and because Iowa law allows an aider and abettor to be charged as a principal, citing *State v. El-Amin*, 952 N.W.2d 134, 139 (Iowa 2020). We ordered the State's motion submitted with the appeal and retained the case.

## II. Standard of Review.

"We ordinarily review challenges to guilty pleas for correction of errors at law." *State v. Fisher*, 877 N.W.2d 676, 680 (Iowa 2016). We review constitutional challenges to guilty pleas de novo. *Treptow*, 960 N.W.2d at 107.

**III. Analysis.**

Hanes argues for the first time on appeal that there was no factual basis in the record for his guilty plea to criminal gang participation. We must first decide whether Hanes's failure to file a motion in arrest of judgment precludes appellate review of his challenge to his guilty plea in this direct appeal. Only if he clears that hurdle may we reach the merits of his appeal.

Iowa Rules of Criminal Procedure 2.8(2)(*d*) and 2.24(3) govern motions in arrest of judgment. Rule 2.8(2)(*d*) requires the court to "inform the defendant that any challenges to a plea of guilty based on alleged defects in the plea proceedings must be raised in a motion in arrest of judgment and that failure to so raise such challenges shall preclude the right to assert them on appeal." Iowa R. Crim. P. 2.8(2)(*d*). Rule 2.24(3)(*a*) in turn states, "A defendant's failure to challenge the adequacy of a guilty plea proceeding by motion in arrest of judgment shall preclude the defendant's right to assert such challenge on appeal." *Id.* r. 2.24(3)(*a*). Hanes concedes he was properly advised of the requirement that he file a motion in arrest of judgment in order to challenge his plea on appeal. We reiterate that a "purpose of these two rules is to allow the district court to correct defects in guilty plea proceedings before an appeal and therefore eliminate the necessity for the appeal." *State v. Gant*, 597 N.W.2d 501, 503–04 (Iowa 1999). This "admirable purpose would be thwarted" by allowing Hanes's appeal to proceed "after [he had been properly] advised of his right to [file a motion in arrest of judgment] and the consequences for not doing so." *Wenman v. State*, 327 N.W.2d 216, 218 (Iowa 1982).

Hanes, however, relies on rule 2.24(3)(*c*), which states, "The court may also, upon its own observation of any of these grounds, arrest the judgment on its own motion."[3] Iowa R. Crim. P. 2.24(3)(*c*). The district court accepted Hanes's guilty plea at his request without arresting judgment sua sponte. Hanes argues due process is violated by affirming a conviction based on a guilty plea that lacks a factual basis. He relies on the district court's independent obligation to ensure his guilty plea was supported by a factual basis and argues we should recognize a "new exception" to error preservation requirements, tantamount to "ineffective assistance of the judge." The State argues that review is precluded by the criminal rules and our caselaw, most recently *Treptow*. *See* 960 N.W.2d at 109. We agree with the State.

In *Treptow*, David Treptow pleaded guilty to three drug-related offenses. *Id.* at 102. He was advised of his right to file a motion in arrest of judgment and waived that right. *Id.* On direct appeal, Treptow argued there was no "factual basis supporting one of the convictions and his counsel provided constitutionally ineffective assistance in allowing [him] to plead guilty in the absence of a factual

---

[3]The dissent relies primarily on Iowa Rule of Criminal Procedure 2.8(2)(*b*), which states that a court "shall not accept a plea of guilty without first determining that the plea is made voluntarily and intelligently and has a factual basis." Hanes first cited rule 2.8(2)(*b*) in his reply brief, but then only to note that rule was cited in another case that was requesting plain error review. Hanes's lawyer never mentioned rule 2.8(2)(*b*) at oral argument. The dissent's advocacy goes further and makes an argument not raised by Hanes—that rule 2.8(2)(*b*) itself should allow the defendant to get direct appellate review of a guilty plea without filing the motion in arrest of judgment expressly required by rules 2.8(2)(*d*) and 2.24(3)(*a*). The dissent's reasoning based on rule 2.8(2)(*b*)'s requirements would logically also allow direct appeals alleging a plea was unknowing or involuntary without a motion in arrest of judgment filed in district court. We decline to effectively rewrite rules 2.8(2) and 2.24(3)(*a*) to eliminate that motion required for direct appellate review of the plea.

basis." *Id.* We held that Treptow's "failure to file a motion in arrest of judgment precludes appellate relief." *Id.* at 109 (citing Iowa R. Crim. P. 2.24(3)(*a*)).

*Treptow* discussed two exceptions. *Id.* First, when "the district court failed to adequately advise the defendant of the consequences of not filing a motion in arrest of judgment." *Id.* Treptow was adequately advised; so too was Hanes. Second, when the "failure to file a motion in arrest of judgment resulted from ineffective assistance of counsel."[4] *Id.* (quoting *State v. Straw*, 709 N.W.2d 128, 133 (Iowa 2006), *superseded in part on other grounds by* Iowa Code §§ 814.6(1)(*a*), .7). That path was foreclosed to Treptow by Iowa Code section 814.7, which diverts ineffective-assistance-of-counsel claims to postconviction proceedings. Hanes has not yet raised an ineffective assistance claim, nor could he in this direct appeal. *See id.* But Hanes attempts to distinguish *Treptow* by noting the defendant in that case did not raise the argument Hanes asserts here—urging our court to recognize a third exception based on the district court's own ability to arrest judgment when a factual basis is lacking for the guilty plea. *See* Iowa R. Crim. P. 2.24(3)(*c*).

---

[4]We have said it is a "per se example of ineffective assistance of counsel" when the defense attorney allows the defendant to plead guilty when "the facts of the charge do not state a violation of the statute under which the charge is made." *State v. Mitchell*, 650 N.W.2d 619, 620 (Iowa 2002) (per curiam) (defendant charged under wrong statute for bringing contraband into a correctional facility). We have also said, "Where a factual basis for a charge does not exist, and trial counsel allows the defendant to plead guilty anyway, counsel has failed to perform an essential duty. Prejudice in such a case is inherent." *State v. Schminkey*, 597 N.W.2d 785, 788–89 (Iowa 1999) (en banc) (citation omitted) (concluding factual basis was lacking for charge of theft without "proof that [defendant] intended to permanently deprive the owner of his vehicle" (emphasis omitted)).

As noted, Iowa Code section 814.7 now requires ineffective-assistance-of-counsel claims to be pursued in postconviction-relief proceedings, not on direct appeal. *Treptow*, 960 N.W.2d at 103. In *Treptow*, we rejected claims that the resulting delays in obtaining relief rendered section 814.7 unconstitutional. *See id.* at 107–08.

We decline to create this new exception. To do so would eviscerate rule 2.24(3)(*a*)'s express prohibition on appeals where the defendant has failed to file a motion in arrest of judgment. *Id.* r. 2.24(3)(*a*). Rule 2.24(3)(*a*) is mandatory. By contrast, rule 2.24(3)(*c*) is permissive and merely allows the district court to arrest judgment on its own motion. *See id.* r. 2.24(3)(*c*). It does not provide the district court's failure to do so enables the defendant to appeal the very plea he urged the court to enter.

"It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal." *Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002). "A supreme court is 'a court of review, not of first view.'" *Ripperger v. Iowa Pub. Info. Bd.*, 967 N.W.2d 540, 552 (Iowa 2021) (quoting *Cutter v. Wilkinson*, 544 U.S. 709, 718 n.7 (2005)). Requiring a motion in arrest of judgment ensures that there will be a district court ruling to review on appeal, and as noted, provides the district court an opportunity to correct the error. The motion can also serve to alert the state to fill any gaps in the record to establish a factual basis for the plea,[5] or attempt to renegotiate the plea agreement if a factual basis is lacking on a certain charge. Indeed, if Hanes had filed such a motion to challenge the factual basis for criminal gang participation, the parties might have renegotiated the plea agreement to dismiss that charge in exchange for his guilty plea to being

---

[5]In this case, for example, the State might have supplemented the record to show other occupants of the vehicle with Hanes were felons and argued based on the second firearm in the backseat that Hanes aided and abetted their criminal possession of a weapon in furtherance of gang activity. The dissent does not address this scenario, and we do not reach the merits of Hanes's factual basis challenge.

a felon in possession of a firearm. The delay of this direct appeal, filed August 23, 2021, easily could have been avoided.

The new exception to error preservation requirements sought by Hanes would undermine one of the chief values of guilty pleas: finality. "A guilty plea waives all defenses and challenges not intrinsic to the voluntariness of the plea." *State v. Tucker*, 959 N.W.2d 140, 146 (Iowa 2021). "A plea of guilty is more than a confession which admits that the accused did various acts; it is itself a conviction; nothing remains but to give judgment and determine punishment." *Id.* (quoting *Boykin v. Alabama*, 395 U.S. 238, 242 (1969)). "A guilty plea puts a lid on the box and presumably concludes a case." *Id.* "Once a defendant has waived his right to a trial by pleading guilty, the State is entitled to expect finality in the conviction." *Id.* at 150. (quoting *State v. Mann*, 602 N.W.2d 785, 789 (Iowa 1999)).

Hanes maintains that due process requires allowing him to challenge his guilty plea on direct appeal without first filing a motion in arrest of judgment in district court. We disagree. *See, e.g., Massey v. Warden*, 733 F. App'x 980, 990 & n.6 (11th Cir. 2018) (per curiam) ("We note, however, that due process does not require a state court to find a factual basis for a guilty plea unaccompanied by a claim of innocence."); *Eggers v. Warden*, 826 F.3d 873, 876 (6th Cir. 2016) ("Absent a claim of innocence during the plea hearing, 'there is no constitutional requirement that a trial judge inquire into the factual basis of a plea.'" (quoting *Roddy v. Black*, 516 F.2d 1380, 1385 (6th Cir. 1975))); *Oller v. Bryant*, 650 F. App'x 598, 601 (10th Cir. 2016) ("But the Supreme Court has not acknowledged

a Due Process requirement that state courts must first establish an independent factual basis before acceptance of a guilty plea."); *Booker v. State*, 552 S.W.3d 522, 528 (Mo. 2018) (en banc) ("But as Missouri courts and several federal courts have repeatedly noted, a sufficient factual basis is not constitutionally required.").

We have already rejected due process challenges to the 2019 amendment to Iowa Code section 814.6 restricting direct appeals from guilty pleas. *Treptow*, 960 N.W.2d at 105; *see* 2019 Iowa Acts ch. 140, § 28 (codified at Iowa Code § 814.6 (2020)). If Hanes relied on constitutionally deficient advice of counsel to plead guilty and forgo a motion in arrest of judgment, he can pursue relief in postconviction proceedings. *See id.* at 103, 109 (rejecting constitutional challenge to Iowa Code section 814.7). Hanes relies on *State v. Williams*, where we reversed a conviction because the colloquy failed to show a factual basis for the guilty plea, 224 N.W.2d 17, 18–19 (Iowa 1974), and *State v. Sisco*, where we vacated a guilty plea based on inadequate colloquy to show the plea was knowing and voluntary, 169 N.W.2d 542, 551–52 (Iowa 1969) (en banc). Those cases did not discuss motions in arrest of judgment and were decided before the enactment of our current rules of criminal procedure requiring such motions for appellate review, and before the 2019 statutory changes restricting appeals from guilty pleas.

After Hanes and the State filed their appellate briefs, we decided *State v. Crawford*, overruling precedent to allow the defendant to challenge the sufficiency of the evidence in his jury trial on direct appeal without first filing a

motion for acquittal in district court. 972 N.W.2d 189, 202 (Iowa 2022). *Crawford* is inapposite because "those convicted after trial and those convicted pursuant to a guilty plea are not similarly situated for the purposes of appellate review." *Treptow,* 960 N.W.2d at 104–05 (quoting *Tucker,* 959 N.W.2d at 146). "We explained that those who plead guilty have acknowledged their guilt and waived their constitutional rights so the need for appellate review is not necessary in the same way as it is after trial." *Id.* at 105. Indeed, our rules of criminal procedure demonstrate this distinction by attaching a specific penalty—a bar to appeal—to a defendant's failure to file a motion in arrest of judgment. Iowa R. Crim. P. 2.24(3)(*a*). By contrast, the rules impose no such penalty on a defendant who fails to file a motion for judgment of acquittal. *See id.* r. 2.19(8).

Convictions following guilty pleas and trials differ in another important way. An appellate determination that the evidence at trial was insufficient results in a dismissal of the charge. *State v. Chapman,* 944 N.W.2d 864, 875 (Iowa 2020). But if on appeal the factual basis for a guilty plea is found lacking, the remedy is a remand to allow the state another opportunity to establish a factual basis or to restore the original charges, including those that were to be dismissed in a plea bargain. *See State v. Gines,* 844 N.W.2d 437, 441–42 (Iowa 2014). We decline to compare apples to oranges. *Crawford* is inapplicable to the review of guilty-plea-based convictions.

Because Hanes failed to file a motion in arrest of judgment, he cannot establish good cause to pursue this direct appeal from his guilty plea as a matter of right, and we lack jurisdiction to hear his appeal. *See Treptow,* 960 N.W.2d at

110. Dismissal of the appeal is required. *Id.* Accordingly, we do not reach the merits of his no-factual-basis challenge to his guilty plea.[6]

Nevertheless, and without criticizing the record made in this case, we repeat this admonition:

> Nothing in this opinion, however, should be construed as an invitation to district courts to short circuit rule 2.8(2)(*b*) when taking a guilty plea. The taking of a guilty plea, though often appearing routine and even ritualistic, has the same consequence for the defendant as a criminal trial. The plea colloquy is an important backstop to help ensure that defendants who might not be guilty do not end up with wrongful convictions as the result of a flawed plea-bargaining process. In addition, a thorough record at the time of the taking of a guilty plea lessens the likelihood of later challenges and, if those challenges do occur, provides an important

---

[6]The dissent contends that postconviction relief will be a waste of time and we should exercise jurisdiction and grant relief now by treating this appeal as a petition for writ of certiorari. Even if we assume that course were available to us, and it is not, the relevant considerations would extend beyond this single case. We would also have to consider the impact of our decision on other cases to come. Is it more efficient to encourage defendants to raise all objections to guilty pleas in a motion in arrest of judgment or, failing that, in postconviction relief? Or is it more efficient to encourage parties to take direct appeals from guilty pleas allegedly lacking a factual basis, notwithstanding having failed to raise the point in the district court? Direct appeals can take about a year to be resolved. As noted, in this case the notice of appeal was filed August 23, 2021.

A petition for writ of certiorari is available when the district court "exceeded the judge's jurisdiction or otherwise acted illegally." Iowa R. App. P. 6.107(1)(*a*). We have never held that the district court acts "illegally" or exceeds its "jurisdiction" by accepting a guilty plea without a factual basis, and Hanes makes no such argument. His sentence is within statutory limits. The author of the dissent joined *Treptow* without raising this illegality theory that would effectively overrule that decision. In *Tindell v. State*, we declined to relax the requirement to file a motion in arrest of judgment to appeal procedural errors in guilty pleas. 629 N.W.2d 357, 359–60 (Iowa 2001) (en banc) (holding the defendant failed to preserve error on his claim that he withdrew and never renewed his guilty plea, resulting in an illegal sentence). Like Hanes, defendant Tindell claimed there was no valid guilty plea supporting his conviction. *Id.* at 358–59. We noted that our cases "allow challenges to illegal *sentences* at any time, but they do not allow challenges to sentences that, because of procedural errors, are illegally *imposed*." *Id.* at 359. We warned that

> [i]f we were to expand th[e] concept [of illegality] to encompass redress for underlying procedural defects, as well, it would open up a virtual Pandora's box of complaints with no statutorily prescribed procedures for their disposition nor any time limits for their implementation. We do not believe the legislature intended such a result.

*Id.* at 360. That warning applies with equal force here. The dissent disclaims reliance on "illegal sentence" cases, yet fails to cite any case holding the lack of a factual basis results in a form of illegality supporting certiorari review.

contemporary record to assist reviewing courts in evaluating the merits of such claims.

*State v. Finney*, 834 N.W.2d 46, 62–63 (Iowa 2013). We also urge district courts to expedite postconviction review of claims that a guilty plea lacked a factual basis. Such claims presumably could be promptly decided based on the minutes and plea colloquy.

**IV. Disposition.**

For the foregoing reasons, we dismiss this appeal for lack of jurisdiction.

**APPEAL DISMISSED.**

Christensen, C.J., and Mansfield, McDonald, Oxley, and May, JJ., join this opinion. Oxley, J., files a concurring opinion. McDermott, J., files a dissenting opinion.

**OXLEY, Justice (concurring).**

I join the majority's opinion because I agree that *State v. Treptow*, 960 N.W.2d 98 (Iowa 2021), governs. But I write separately to note the additional judicial proceedings Hanes, and others like him, will needlessly have to go through under our rules of criminal procedure. As the majority rightly points out, rule 2.24(3)(*a*) precludes a defendant who pleads guilty from raising issues on appeal that are not first raised in district court through a motion in arrest of judgment, including a claim that a factual basis is lacking. Iowa R. Crim. P. 2.24(3)(*a*). Historically, we have nonetheless allowed defendants to raise lack of a factual basis on direct appeal even when they didn't file a motion in arrest of judgment, using ineffective assistance of counsel as the conduit. *See Treptow*, 960 N.W.2d at 109 (recognizing ineffective assistance as one exception to the requirement to file a motion in arrest of judgment).

But let's call a spade a spade. When a factual basis was lacking, we didn't really use ineffective assistance of counsel to excuse the failure to file the motion. *See Rhoades v. State*, 848 N.W.2d 22, 33 (Iowa 2014) (Mansfield, J., concurring specially) ("Although we have not said so as a court, I think the reality is that our court has an expansive view of ineffective assistance of counsel."). Rather, "we vacate[d] a plea whenever the record d[id] not contain a factual basis for each element of the crime, seemingly without regard to counsel's actual competence." *Id.*; *see also State v. Mitchell*, 650 N.W.2d 619, 620–21 (Iowa 2002) (per curiam) ("[I]t is perhaps unfair to justify the granting of relief to a defendant in all such

instances on an ineffective-assistance-of-counsel theory. There will be cases in which the interpretation of the statutes present[s] a close case involving good-faith professional judgment."). Whether or not counsel provided ineffective assistance, "we adhere[d] to our view that all such convictions must be vacated." *Mitchell*, 650 N.W.2d at 621. And we did that because "our decision in *State v. Schminkey*, 597 N.W.2d 785, 788 (Iowa 1999) [(en banc)], *mandates that under no circumstances* may a conviction upon plea of guilty stand if it appears that the facts of the charge do not state a violation of the statute under which the charge is made." *Mitchell*, 650 N.W.2d at 620 (emphasis added).

In reviewing a factual-basis challenge where no motion in arrest of judgment is filed, we don't even address the elements of an ineffective-assistance-of-counsel claim. Rather, "our first and only inquiry is whether the record shows a factual basis for [the defendant's] guilty plea." *Schminkey*, 597 N.W.2d at 788. No new evidence is considered. Our decision is based only on the "record before the district court at the guilty plea hearing, including any statements made by the defendant, facts related by the prosecutor, the minutes of testimony, and the presentence report." *Id.*

Rather than continuing the façade of analyzing factual-basis challenges through the lens of an ineffective-assistance claim when no motion in arrest of judgment is filed, we should amend rule 2.24(3)(*a*) to allow factual-basis claims to be brought on direct appeal even if a motion in arrest of judgment is not filed. Sending the claims to postconviction relief (PCR) serves no purpose but to cause delay and increase the burden on defendants and judicial resources through

additional proceedings. While a motion in arrest of judgment is preferable because it allows the district court to consider the issue in the first instance and correct any correctable deficiencies, sending the case to PCR does not change the fact that the district court lacked an opportunity to consider its alleged error. The PCR court will have to do the same review we have always done on appeal, and, like us, without the benefit of the district court's ruling on a motion in arrest of judgment. Nor will changing the rule somehow advantage the defendant by allowing him to hide the ball from the district court. It is still more advantageous to the defendant to raise the claim in a motion to arrest judgment—so that the district court can correct the error immediately—rather than waiting until the appellate process to do so. But when the issue is not raised first in district court through a motion in arrest of judgment, it makes no sense to send it to PCR for essentially the same review we would do on direct appeal.

**McDERMOTT, Justice (dissenting).**

As with the wisdom about liberty, it seems that the price of justice in a system driven by plea bargaining is eternal vigilance.

The crime to which the defendant pleaded guilty in this case—criminal gang participation—includes as a necessary element that the defendant "willfully aids and abets any criminal act." Iowa Code § 723A.2 (2021). In the guilty plea presented to the district court, Hanes admitted to having "willfully aided and abetted a criminal act, that is, felon in possession of a firearm." The district court accepted Hanes's plea, entered a judgment of conviction, and sentenced him.

But here's the rub: the "felon" that Hanes "aided and abetted" in possessing a firearm was *Hanes himself*. To aid and abet a criminal act requires that there be someone else—a *principal*, as the law refers to the person—that the aider and abettor assists. Hanes can't aid and abet *himself* in a criminal act. While Hanes, of course, can commit the crime of felon in possession of a firearm by possessing a firearm, he can't aid and abet himself in his own unlawful possession of the firearm. Iowa's aiding-and-abetting statute makes a distinction between "principals" (those who "directly commit the act constituting the offense") and those who "aid and abet its commission." *Id.* § 703.1. By definition, "there must be a guilty principal before there can be an aider and abettor." *United States v. Washington,* 106 F.3d 983, 1003 (D.C. Cir. 1997) (per curiam) (quoting *United States v. Staten,* 581 F.2d 878, 887 (D.C. Cir. 1978)); *see also Nye & Nissen v. United States*, 336 U.S. 613, 620 (1949) ("Aiding and abetting . . . states

a rule of criminal responsibility for acts which one assists another in performing.").

If Hanes can't aid and abet his own felon-in-possession crime—and that's the only crime presented as evidence of his aiding and abetting in this case—then Hanes hasn't aided and abetted a criminal act necessary to support a conviction for criminal gang participation. A required element of the crime is lacking. Hanes thus stands wrongly convicted—and at this moment, incarcerated—for a crime that on this record he did not commit.[7]

By accepting Hanes's plea and entering a judgment of conviction without a factual basis for the crime, the district court violated Iowa Rule of Criminal Procedure 2.8(2)(*b*), which states that a court "shall not accept a plea of guilty without first determining that the plea is made voluntarily and intelligently and has a factual basis." Yet the majority today refuses to act to correct this, instead dismissing this appeal for lack of jurisdiction because Hanes failed to file a "motion in arrest of judgment" under rule 2.24(3)(*a*) to set aside the district court's judgment of conviction. Hanes is left to challenge his conviction through a civil postconviction-relief (PCR) action under Iowa Code chapter 822. In a PCR action, he will need to prove a claim of ineffective assistance by his trial counsel but will have no mechanism to challenge the district court's own separate

---

[7]The majority recites the State's argument that "Iowa law allows an aider and abettor to be charged as a principal." The majority doesn't get into the merits of this argument, and for good reason. The State's argument fails because it confuses how a crime is *charged* with how a crime is *committed*. The gang-participation statute, by its express terms, focuses on how the associated crime is *committed*, specifying the necessary element that the defendant "willfully aids and abets any criminal act." Iowa Code § 723A.2. The focus of the gang-participation statute is the nature of the criminal act, not how that act might later be charged.

violation of rule 2.8(2)(*b*) in accepting the guilty plea without a factual basis for it.

As the majority notes, our prior cases have carved two exceptions to the rule requiring that defendants file a motion in arrest of judgment before we'll consider a challenge to a guilty plea in a direct appeal. The first is when the district court fails to inform a defendant that a motion in arrest of judgment must be filed to challenge the guilty plea in an appeal. *See State v. Loye*, 670 N.W.2d 141, 149–50 (Iowa 2003). The second is when a defendant alleges that the failure to file a motion in arrest of judgment resulted from ineffective assistance of counsel. *See State v. El-Amin*, 952 N.W.2d 134, 137–38 (Iowa 2020).

Hanes asserts that his lawyer provided ineffective assistance of counsel by failing to file a motion in arrest of judgment. But this second exception to the motion-in-arrest-of-judgment rule is now something of a historical relic in light of recent amendments to Iowa Code section 814.7, which forbids parties from raising ineffective-assistance claims in a direct appeal. As a result, Hanes asks us to create a new exception that would permit defendants to challenge a guilty plea in a direct appeal—even if they've failed to file a motion in arrest of judgment under rule 2.24(3)(*a*)—when the district court fails in its duty to ensure a factual basis for the guilty plea under rule 2.8(2)(*b*) or (relatedly) fails to arrest a defective judgment of conviction on its own. *See* Iowa R. Crim. P. 2.8(2)(*b*).

A better approach to this problem exists, in my view. Hanes's challenge to his wrongful conviction is best addressed as a petition for writ of certiorari. Hanes's appellate briefs argue that the district court failed in its duties when it

accepted his guilty plea to the gang-participation charge without a factual basis. Iowa Rule of Appellate Procedure 6.107 states that a party asserting that a district court judge "exceeded the judge's jurisdiction or *otherwise acted illegally*" may file a petition for writ of certiorari in the supreme court. (Emphasis added.) That Hanes's appellate counsel filed a notice of appeal and not a petition for writ of certiorari doesn't matter. If our court "determines another form of review was the proper one, the case shall not be dismissed, but shall proceed as though the proper form of review had been requested." *Id.* r. 6.108; *see also Crowell v. State Pub. Def.*, 845 N.W.2d 676, 682 (Iowa 2014). "Our power to review lower court actions by issuing writs of certiorari is discretionary." *Crowell*, 845 N.W.2d at 682 (citing *Sorci v. Iowa Dist. Ct.*, 671 N.W.2d 482, 490 (Iowa 2003)).

What's the point of forcing Hanes to challenge his unquestionably unlawful conviction in a separate, time-consuming PCR action? Hanes poses a purely legal challenge to the validity of his guilty plea and *no fact-finding is required.* In this situation, "our first and only inquiry is whether the record shows a factual basis for [the defendant's] guilty plea to the charge." *State v. Schminkey*, 597 N.W.2d 785, 788 (Iowa 1999) (en banc). We have the record in front of us. It shows that the district court violated rule 2.8(2)(*b*) when it accepted Hanes's guilty plea to the gang-participation charge without a factual basis. We have discretion under rule 6.108 to address the district court's violation now—and we ought to.

The majority's decision to dismiss this appeal and thus compel Hanes to seek relief through a PCR action raises a separate, disturbing question: what if Hanes had *not* been represented by counsel when he pleaded guilty without a

factual basis? A defendant can't claim ineffective assistance of counsel if the defendant had no counsel assisting him. *See State v. Hutchison*, 341 N.W.2d 33, 42 (Iowa 1983). If Hanes had been without a lawyer, he would have no lawyer to point to as ineffective in a PCR action, and thus the district court's acceptance of the guilty plea, in violation of rule 2.8(2)(*b*), would appear to have no remedy. Under the majority's PCR-or-bust resolution of this appeal, self-represented defendants who plead guilty to a charge with no factual basis appear destined to serve out their sentences without any means to challenge the spurious conviction that it's based on.[8]

Defendants cannot, for mistaken reasons or strategic ones, plead guilty to a crime with no factual basis. "Endorsing such strategies," we have said, "would erode the integrity of all pleas and the public's confidence in our criminal justice system." *State v. Hack*, 545 N.W.2d 262, 263 (Iowa 1996). "It makes a mockery of the justice system when a defendant is punished for violating a statute that he unquestionably did not violate." *Iowa Sup. Ct. Att'y Disciplinary Bd. v. Howe*, 706 N.W.2d 360, 379 (Iowa 2005).

None of this is to suggest, of course, that the State, Hanes's lawyer, or the district court judge ever *intended* to violate the law by advocating (in the case of

---

[8]The majority in a footnote addressing this dissent asks rhetorically whether it's more efficient for defendants to raise objections to guilty pleas in a motion in arrest of judgment in the district court as opposed to in a PCR action or in a direct appeal. But the majority's rhetorical question obscures the actual question before us: whether an appellate court may on direct appeal vacate a guilty plea when the defendant has *already failed* to make a motion in arrest of judgment. In the same footnote, the majority discusses some of our cases on challenges under an "illegal sentence" theory. It's not clear to me why these are included in apparent reference to this dissent, as I do not mention (let alone rely on) any basis to vacate Hanes's guilty plea under our illegal sentence cases.

the lawyers) or accepting (in the case of the judge) the guilty plea in this case. The record contains no suggestion of anyone involved in the case seeking to skirt the law. But a serious mistake has been made nonetheless, and one we should not—and need not—delay in fixing.

The United States Supreme Court has acknowledged that plea-bargaining "is not some adjunct to the criminal justice system; it *is* the criminal justice system." *Missouri v. Frye*, 566 U.S. 134, 144 (2012) (quoting Robert E. Scott & William J. Stuntz, *Plea Bargaining as Contract*, 101 Yale L.J. 1909, 1912 (1992)). The court's vigilance in ensuring that every guilty plea "is made voluntarily and intelligently and has a factual basis" is thus vital to safeguarding a defendant's constitutional rights and, more broadly, the integrity of the criminal justice system. Iowa R. Crim. P. 2.8(2)(*b*); *see Hack*, 545 N.W.2d at 263.

Until today, our court had resolutely maintained that "under no circumstances may a conviction upon plea of guilty stand if it appears that the facts of the charge do not state a violation of the statute under which the charge is made." *State v. Mitchell*, 650 N.W.2d 619, 620 (Iowa 2002) (per curiam) (citing *Schminkey*, 597 N.W.2d at 788). That's precisely what we have here: the facts of the charge do not state a violation of the statute. And conspicuously, nowhere in the majority opinion does the majority suggest any disagreement with this. Our court's "under no circumstances" tough talk appears to have been mere flexing, for today we let Hanes's unsupported conviction stand. In place of action to correct an indisputably baseless conviction, we now simply urge that the district court "expedite postconviction review."

It need not be so. I would grant a writ of certiorari and hold that the district court violated its duty to reject Hanes's guilty plea under rule 2.8(2)(*b*) because it lacked a factual basis. The appropriate remedy in this situation is to vacate the plea, reverse the judgment of conviction and sentence, and remand the case to the district court to give the State the opportunity to establish a factual basis. *See State v. Gines*, 844 N.W.2d 437, 441–42 (Iowa 2014). If the State can establish a factual basis for the gang-participation charge, the district court should resentence Hanes. *Id.* If the State is unable to establish a factual basis for the charge, the State returns to the position it was in before the plea agreement and may charge the defendant under any code section supported by the facts. *Id.*